UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARRY SANDERS, Executor of the Estate of NANCY A. ANDERSEN and Assignee of JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE PHOENIX INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>Defendants. | CIVIL NO. 14CA14039 (GAO) |

**MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants The Phoenix Insurance Company ("Phoenix") and The Travelers Indemnity Company of America ("Travelers") (collectively, "Defendants") hereby move to dismiss in its entirety the Complaint filed in the above-captioned action for failure to state a claim. The homeowners' policy at issue in this action obligates Phoenix to defend and indemnify the insured, identified in the caption by the psudeonym "John Doe," where coverage exists. Here, based on the facts alleged: (1) Defendants had no duty to defend Doe, because there is no allegation that a lawsuit was ever filed against Doe triggering an obligation to defend a lawsuit, nor does the Complaint allege that Doe actually incurred defense costs; (2) Defendants had no duty to indemnify Doe, because there is no allegation that any judgment was entered against him; and (3) Defendants had no duty under Mass. Gen. L. chs. 93A and 176D to effectuate prompt, fair, and equitable settlement of plaintiff Harry A. Sanders' ("Sanders") claims, because liability was not reasonably clear. This is because: (a) to the extent Sanders' claims arose out Doe's provision of legal services, they were subject to a policy exclusion; and (b) to the extent Sanders' claims arose out of alleged negligence in Doe's conduct

in the course of his extramarital affair with decedent Nancy A. Andersen ("Andersen"), there was no legal basis on which Doe, in his individual non-legal capacity, could be liable for Andersen's suicide. At a minimum, Doe's liability for what amounts to negligent dating was far from clear. He agreed to a settlement in order to prevent public disclosure and potential resulting damage to his professional reputation as an attorney, not because it was clear he was liable for the conduct alleged.

Accordingly, the Complaint should be dismissed in its entirety, and judgment entered for Defendants. As further support for this Motion, Defendants refer the Court to its Memorandum of Law filed contemporaneously herewith. Defendants also hereby request oral argument on this Motion.

Respectfully submitted,

THE PHOENIX INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

By Danielle A. Long

Danielle Andrews Long (BBO No. 646981)
E-mail: dlong@rc.com
Wystan M. Ackerman (BBO No. 651086)
E-mail: wackerman@rc.com
Jonathan E. Small (BBO No. 672480)
E-mail: jsmall@rc.com
ROBINSON & COLE LLP
One Boston Place, 25th floor
Boston, MA 02108
Tel: (617) 557-5900

Dated: November 24, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 24, 2014, this document will be served by U.S. mail, postage prepaid, to counsel for plaintiff at the following address:

Robert D. Cohan
Jonathan D. Plaut
COHAN RASNICK MYERSON PLAUT LLP
One State Street, Suite 1200
Boston, MA 02109

Danielle Andrews Long